UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL PALMER,

            Petitioner,

    v.

MICHELLE RICCI, et al.,

            Respondents.

Civil No. 09-2079 (PGS)

**OPINION**

**APPEARANCES:**

    MICHAEL PALMER, #239004C
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625
    Petitioner Pro Se

**SHERIDAN**, District Judge

    Michael Palmer filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a) challenging a conviction entered in the Superior Court of New Jersey, Essex County, on March 15, 2002, based on his plea of guilty to third-degree possession of a controlled dangerous substance and third-degree unlawful possession of a weapon. In an Order and Opinion entered December 15, 2009, this Court dismissed the Petition with prejudice and denied a certificate of appealability. Presently before this Court is Petitioner's motion to extend the time to file a notice of appeal. For the reasons expressed below and pursuant to Rule 78 of the Federal Rules of Civil Procedure, this Court will deny the motion.

# I. BACKGROUND

By Opinion and Order entered December 15, 2009, this Court dismissed the § 2254 Petition as untimely and denied a certificate of appealability. (Docket Entry Nos. 4, 5.) By cover letter and certification of service dated July 29, 2010, Petitioner handed to prison officials for mailing to the court his notice of appeal, motion to extend the time for appeal, supporting certifications, memorandum of law, and exhibits. (Docket Entry #7.) Petitioner asserts the following relevant facts in support of his motion to extend the time to appeal:

> Petitioner, Michael Palmer, currently being in Ad. Seg. ha[s] been subjected to diminished legal access to the law library where a legal assistance form (G-27 D New Jersey State Prison, Request for Legal Assistance) is filled out and goes through various stages of processing before being assigned to a paralegal, whom then suppose[d] to have seven-days to come visit the Closed Custody UNITS AND RENDER ASSISTANCE TO THE PRISONER. Often It takes several request slips to be submitted before seeing someone. Where petitioner at bar was seeking legal assistance to aid the filing of the herein submitted Notice of Petition that's contrary to the U.S. Dist. Ct. Opinion in the above-captioned-matter. Once completed, the legal request process starts all over again, trying to get someone to come and have the documents copied so they could be mailed to the courts.
>
> Petitioner, Michael Palmer['s] ordeal that le[]d him to administrative sanction(s) equaling 5-years Ad. Seg. has left petitioner with stolen and lost personal property and legal documents of his missing. Where, petitioner has tried his diligent best to secure copies of same where the Notice of Appeal could be filed before this court. Especially given the fact that petitioner is "actual innocence" of the charges surrounding this case.
>
> Petitioner, Michael Palmer, submit[s] that <u>Leave</u> and <u>Permission</u> must be granted in allowing this Notice of appeal to go forward pursuant to 28 <u>U.S.C.</u> § 636(c)(5), where petitioner excusable neglect. See also 28 [U.S.C.] § 2107(c)(2), where the 180 days to reopen the time to appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

> In conclusion, petitioner submit[s] that in the liberty interest of correcting a miscarriage of injustice pursuant to the innocence doctrine, this matter is warranted of the relief being sought herein. Petitioner has set forth a prima facie showing where this matter could be resolved via this court's order allowing the Assignment of Counsel to be assigned and grant the Certificate of Appealability and to proceed in Forma Pauperis.

(Docket Entry #7, pp. 9-10.)

## II. DISCUSSION

Section 2107(a) of Title 28 of the United States Code establishes the time limit for filing a notice of appeal in a civil case: "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1)(A) ("the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered").[1] This 30-day time limit is jurisdictional to the appeal. See Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 264 (1978); United States v. Scarlata, 214 F. 3d 807, 808 (3d Cir. 1954). "The purpose of the rule is clear: It is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has ben made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose.'" Browder, 434 U.S. at 264 (quoting Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415 (1943)).

---

[1] Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court).

Section 2107(c) permits the district court to extend the time for appeal under certain circumstances. See 28 U.S.C. § 2107(c). This statute provides:

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds--
>
> (1) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
>
> (2) that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

28 U.S.C. § 2107(c).

Accordingly, Rule 4(a) of the Federal Rules of Appellate Procedure provides:

**(5) Motion for Extension of Time.**

(A) The district court may extend the time to file a notice of appeal if:

>  (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
>  (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

**(6) Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(5) and (6).

In this case, the Order dismissing the Petition was entered on December 15, 2009, and Petitioner handed his notice of appeal and motion to extend the time to appeal to prison officials for mailing to the court on July 29, 2010. Section 2107(c) gives this Court power to extend the time for appeal only where, at the latest, a motion to extend the time for appeal is handed to prison officials within 180 days of entry of the order being appealed. Here, this 180-day maximum time period for a motion to extend the time expired on June 14, 2010. Because Petitioner did not hand his motion to extend the time to appeal to prison officials until 225 days after entry of the Order of dismissal, this Court lacks statutory authority to extend the time for appeal and will deny Petitioner's motion.[2]

---

[2] This Court will deny Petitioner's motion to proceed in forma pauperis on appeal as moot.

5

## IV. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's motion to extend the time to file a notice of appeal and deny his motion to proceed in forma pauperis on appeal.

An appropriate Order accompanies this Opinion.

_____
**PETER G. SHERIDAN, U.S.D.J.**

DATED: _January 1, 2011_, 2011